UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Michael Goins, # 302385,<br>*a/k/a Michael D. Goins*, | ) C/A No.  4:14-742-RMG-TER<br>)<br>) |
| Plaintiff, | )REPORT AND RECOMMENDATION<br>) |
| vs. | )<br>) |
| Ann Hallman; John Simmons; Mary Hall; Cheryl Johnson;<br>Cheryl Hinderburg; Mirriam Cocolone-Snyder; Suzanne<br>McClendon; each in his/her individual and official<br>capacities | )<br>)<br>)<br>) |
| Defendants. | )<br>) |

_____

This is a civil action filed *pro se* by an inmate within the South Carolina Department of

Corrections.  Pursuant to 28 U.S.C. §636(b)(1), and District of South Carolina Local Civil Rule

73.02(B)(2)(e), this magistrate judge is authorized to review all pretrial matters in such pro se cases

and to submit findings and recommendations to the District Court.  *See* 28 U.S.C. § § 1915(e);

1915A (as soon as possible after docketing, district courts should review prisoner cases to determine

whether they are subject to summary dismissal).

## BACKGROUND

Michael Goins ("Plaintiff") is detained at the Perry Correctional Institution in Pelzer, South

Carolina. In the complaint now under review, he alleges that from approximately March 2012 until

approximately March 2013, he filed approximately 50 step one and step two grievances, out of which

he alleges he has received  only a response to approximately eight issues.  ECF No. 1. He alleges that

he is being obstructed from filing lawsuits based on his inability to exhaust his administrative

1

remedies through the grievance system and that the defendants inaction as to his grievances have resulted in violations of Plaintiff's First, Fifth, Eight and Fourteenth Amendment rights. Plaintiff names a number of individual employees of the detention center involved with the grievance system and seeks injunctive relief and damages. *Id.* at 5.

## INITIAL REVIEW

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's pro se complaint filed in this case. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. § § 1915, 1915A, and the Prison Litigation Reform Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

Pro se complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *De'Lonta v. Angelone*, 330 F. 3d 630, 630n.1 (4th Cir. 2003). Nevertheless, the requirement of liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Even under this less stringent standard, the Complaint filed in this case is subject to summary dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B).

## DISCUSSION

To state a plausible claim for relief under 42 U.S.C. § 1983, an aggrieved party must sufficiently allege that he or she was injured by "the deprivation of any [of his or her] rights, privileges, or immunities secured by the [United States] Constitution and laws" by a "person" acting "under color of state law." *See* 42 U.S.C. § 1983; *see generally* 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1230 (2002).

Plaintiff seeks damages and injunctive relief from Defendants because of their involvement with the inmate grievance system and based on his allegations that the majority of his grievances do not get processed at all. Plaintiff alleges that this conduct violates his First, Fifth, Eight and Fourteenth Amendment rights. However, it is well settled that prison inmates have no federal constitutional right to have any inmate grievance system in operation at the place where they are incarcerated. See, e.g., *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir.1994); *Flick v. Alba*, 932 F.2d 728, 729 (8th Cir.1991); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir.1988); *Brown v. Dodson*, 863 F.Supp. 284, 285 (W.D.Va.1994). Furthermore, simply because a state or local authority chooses to establish an inmate grievance system, that choice does not confer any substantive constitutional right on the prison inmates or pre-trial detainees. See *Mann*. As a result, even if corrections officials fail to properly apply an inmate grievance procedure, as Plaintiff contends is the case here, they cannot be held liable to Plaintiff under 42 U.S.C. § 1983[1] based on the allegations put forth against them

---

[1]Section 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by persons acting under color of state law. *Jett v. Dallas Indep. School Dist.*, 491 U.S. 701, 731–32, 109 S.Ct. 2702, 105 L.Ed.2d 598 (1989). The purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails. *Wyatt v. Cole*, 504 U.S. 158, 161, 112 S.Ct. 1827, 118 L.Ed.2d 504 (1992) (citation omitted) (emphasis added). No other viable basis for the exercise of this court's subject matter

3

by Plaintiff, and his Complaint should be dismissed as to these allegations against all party Defendants. See *Spencer v. Moore*, 638 F.Supp. 315, 316 (E.D.Mo.1986); *Azeez v. DeRobertis*, 568 F.Supp. 8, 9–11 (N.D.Ill.1982).

To the extent that Plaintiff alleges that Defendants have violated his constitutional right of access to the courts based on their involvement with the grievance process, his claim is without merit. Prison or jail officials can deny prisoners their right to access the courts by depriving them of a "reasonably adequate opportunity" to challenge their sentence or conditions of confinement. *Bounds v. Smith*, 430 U.S. 817, 828, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977); *Lewis v. Casey*, 518 U.S. 343, 354–55, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996). However, depriving prisoners of this opportunity only "in some theoretical sense" will not establish a violation of the right to access the courts. *Lewis*, 518 U.S. at 351. Rather, a prisoner seeking to assert an access-to-court claim under § 1983 must specifically allege facts that would support a finding that jail or prison officials' conduct inflicted an "actual injury," i.e., that the conduct hindered his efforts to pursue a non-frivolous legal claim. *Id*. at 351–53; see *Magee v. Waters*, 810 F.2d 451 (4th Cir.1987) (actual injury required of city jail inmate who received books after delay and was allowed one hour of library time a week). The Complaint only alleges dissatisfaction with the operation of the grievance system, but does not provide any factual allegations that indicate any hindrance with filing cases in this court, much less an "actual injury" as required to state a plausible claim.

## RECOMMENDATION

Based on the foregoing, it is recommended that the complaint in this action be dismissed.

---

jurisdiction over Plaintiff's allegations is evident from the face of the complaint, thus this report is limited to discussion of the plausibility of § 1983 claims only.

4

See *Denton v. Hernandez*; *Neitzke v. Williams*; *Haines v. Kerner*; *Brown v. Briscoe*, 998 F.2d 201, 202–04 (4th Cir.1993); *Boyce v. Alizaduh*; *Todd v. Baskerville*, 712 F.2d at 74; see also 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

 Assuming plaintiff's § 1983 claim is dismissed by the district court and plaintiffs' complaint somehow can be conceived to state an additional claim for relief under any state common law theory, the undersigned concludes that such claim(s), if any, ought to be dismissed as well for want of jurisdiction. Specifically, this Court can decline to continue the action as to the pendent claims if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c). Therefore, it is recommended that the court not exercise supplementary jurisdiction.

 Plaintiff's attention is directed to the important notice on the next page.

s/ Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

May 7, 2014
Florence, South Carolina

5

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see*  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 2317
Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).