IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Michael Goins, | ) |
|     Plaintiff, | ) No: 4:14-cv-742-RMG |
| v. | ) **ORDER** |
| Ann Hallman; John Simmons; Mary Hall; Cheryl Johnson; Cheryl Hinderburg; Mirriam Cocolone-Snyder; Suzanne McClendon; each in his/her official and individual capacities, | ) |
|     Defendants. | ) |

This matter is before the Court on the Report and Recommendation ("R&R") of the Magistrate Judge. (Dkt. No. 17). For the reasons set forth below, the Court agrees with and adopts the R&R as the order of the Court.

### Background

Michael Goins ("Plaintiff") brings this action, pro se, pursuant to 42 U.S.C. § 1983. (Dkt. No. 1 at 2). Plaintiff is currently incarcerated at Perry Correctional Institution in South Carolina. (*Id.*). Defendants are employees of South Carolina Department of Corrections ("SCDC"). (Dkt. No. 1 at 2).

Plaintiff alleges that Defendants have only responded to approximately eight of fifty grievances Plaintiff filed regarding officers' sexual misconduct, sexual assault, sexual harassment, and racial discrimination. (*Id.* at 3-4). Plaintiff avers the Inmate Grievance Coordinators were unresponsive when he complained about the delays. (Dkt. No. 1 at 2). Plaintiff asserts that Defendants' lack of diligence and inattention to those grievances has hindered his progress in pursuing criminal and civil suits. (Dkt. No. 1 at 4).

1

Plaintiff asserts that Defendants' delays and failure to follow SCDC procedures violated his Constitutional right to access the courts, violated the Fifth and Fourteenth Amendments, and have caused him to be subjected to cruel and unusual punishment. (Dkt. No. 1 at 5). Plaintiff also brings state law claims for gross negligence and civil conspiracy. (*Id.*). Plaintiff seeks declaratory, injunctive, compensatory, and punitive relief. (*Id.* at 7).

Pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(e) DSC, this case was assigned to a Magistrate Judge for all pretrial proceedings. Under established local procedure in this judicial district, the Magistrate Judge conducted a careful review of the complaint pursuant to the provisions of 28 U.S.C. § 1915 and in light of the following precedents: *Neitzke v. Williams*, 490 U.S. 319 (1980); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); and *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir. 1978). After conducting this initial review, the Magistrate Judge issued the present R&R recommending the Court dismiss the federal claims for failure to state a claim and any state law claims for lack of jurisdiction. (Dkt. No. 17). Plaintiff then filed objections to the R&R. (Dkt. No. 21).

## Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a de novo determination of those portions of the R&R to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.*

### Analysis

After review of the record, the R&R, and Plaintiff's objections, the Court finds the Magistrate Judge applied sound legal principles to the facts of this case and therefore agrees with and adopts the R&R as the order of the Court. Plaintiff's complaint asserts violations of the prison grievance system, but inmates have no Constitutional right to a grievance system. *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994). Therefore, these allegations do not state a claim under 42 U.S.C. § 1983. Further, the complaint does not state an "access to the courts" claim because Plaintiff does not allege any hindrance with filing cases in this Court. *Lewis v. Casey*, 518 U.S. 343, 351-53 (1996) (requiring actual injury in access-to-courts cases). Plaintiff's objections do not alter this result. Plaintiff argues that Defendants' failure to timely process his grievances interferes with ability to file complaints in this Court because of the Prison Litigation Reform Act's exhaustion requirement. 42 U.S.C. § 1997e. However, if a prison does not timely process grievances then a prisoner is considered to have exhausted his administrative remedies. *See Boyd v. Corr. Corp. of Am.*, 380 F.3d 989, 996 (6th Cir. 2004) (concluding "administrative remedies are exhausted when prison officials fail to timely respond to a properly filed grievance"). Thus, Plaintiff's objections are unavailing. Finally, the Court agrees that any state-law claims should be dismissed for lack of jurisdiction. 28 U.S.C. § 1367(c).

### Conclusion

For the reasons set forth above, the Court agrees with and adopts the R&R of the Magistrate Judge as the order of the Court. (Dkt. No. 17). Accordingly, the Court dismisses this action without prejudice and without issuance and service of process.

**AND IT IS SO ORDERED.**

_____
Richard Mark Gergel
United States District Court Judge

June 2, 2014
Charleston, South Carolina

4